IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Victoria F. Burrows as Personal Representative for the Estate of Allen Ray Floyd, | ) Civil Action No.: 4:12-cv-02823 ) ) ) |
| Plaintiff, | ) **OPINION AND ORDER** ) |
| v. | ) ) |
| General Motors Company, | ) ) |
| Defendant. | ) |

_____

Before this court is Defendant General Motors Company's ("Defendant") Motion to

Dismiss (ECF No. 4) Plaintiff's causes of action asserted against it pursuant to Federal

Rule of Civil Procedure 12(b)(2) on the basis that this court has no personal jurisdiction

over Defendant.   Defendant submits a Motion for Judgment on the Pleadings in the

alternative pursuant to Federal Rule of Civil Procedure 12(c) on the basis that the strict

liability and negligence and/or reckless conduct claims asserted by Victoria F. Burrows as

Personal Representative for the Estate of Allen Ray Floyd ("Plaintiff") are barred by the

applicable statute of limitations.   Also before this court is Plaintiff's Motion to Amend

Complaint brought pursuant to Federal Rule of Civil Procedure 15(a).   For the reasons set

forth herein, this court grants Defendant's Motion to Dismiss and also grants Plaintiff's

Motion to Amend Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on July 5, 2012, in the Court of Common Pleas for Horry

County, South Carolina.   (ECF No. 1-1.)   Defendant removed this case to the United

States District Court for the District of South Carolina, Florence Division, on the basis that

this court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* (ECF No. 1.) Plaintiff is a citizen and resident of Greenville County, South Carolina. (ECF No. 1-1 at 4.)  Defendant is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the State of Michigan. (ECF No. 1 at 1.)  In her complaint, Plaintiff seeks damages on state law claims of strict liability, breach of warranty, and negligent and/or reckless conduct related to an automobile accident involving a 2006 Chevrolet Cobalt that occurred on July 3, 2009 in Horry County, South Carolina. (ECF No. 1-1.)  Plaintiff seeks compensatory, exemplary, and special damages, in addition to attorney's fees and costs. (ECF No. 1-1 at 13.) Plaintiff did not move to remand.  On October 5, 2012, Defendant filed its Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings. (ECF No. 4.)  On December 12, 2012, Plaintiff moved, with Defendant's consent, for a stay of the scheduling order for health reasons and also sought additional time to respond to the Motion to Dismiss.  (ECF No. 15.)  On June 7, 2013, Plaintiff moved, with the consent of Defendant, for an extension of time to respond to Defendant's Motion to Dismiss (ECF No. 4), stating that Plaintiff's counsel was back in his office and able to file a response.  Plaintiff was granted an extension of time until June 30, 2013. (ECF No. 26.)  Having received no response as of June 30, 2013, the court directed Plaintiff to respond by July 11, 2013.  (ECF No. 27.) The court is now in receipt of Plaintiff's response and the Motion is now ripe for review.

## STANDARD OF REVIEW

Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists.  *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir.1997); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390,

396 (4th Cir.2003). Generally, when a district court decides a pre-trial motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction and the court is to construe the pleadings, affidavits and other supporting documents presented to the court in the light most favorable to plaintiff by assuming credibility and drawing all inferences and resolving all factual disputes in the plaintiff's favor. *See Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (unpublished opinion); *Mylan Labs., Inc., v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In doing so, however, the court need not "'credit conclusory allegations or draw farfetched inferences.'" *Masselli*, 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

I.    Minimum Contacts

In determining whether personal jurisdiction exists over a non-resident defendant, the court must perform a two-step analysis. The court must first determine whether the South Carolina (forum state) long-arm statute provides a basis for asserting jurisdiction over the defendant. *See Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir.1997). Then, the court must determine that the exercise of personal jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 317

(4th Cir. 2000).  South Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause.  *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002).  Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted).

The analytical framework for determining whether minimum contacts exist differs according to which species of personal jurisdiction—general or specific—is alleged.  *See generally ESAB Group v. Centricut*, 126 F.3d 617, 623–24 (4th Cir.1997).  When a cause of action arises out of a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction over that defendant if it purposefully directs activities toward the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  When the cause of action does not arise out of the defendant's contacts with the forum, however, general jurisdiction may be exercised upon a showing that the defendant's contacts are of a "continuous and systematic" nature.  *Id.* at 415-416.

II.    Fair Play and Substantial Justice

After addressing the defendant's contacts as set forth above, the court is to then consider whether the exercise of jurisdiction "would comport with 'fair play and substantial justice'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citing *Int'l Shoe Co.*, 326 U.S. at 320).  In determining whether the exercise of jurisdiction comports with fair play and substantial justice, the court evaluates the following factors: 1) the burden on the

defendant; 2) the forum State's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies;  and 5) the shared interest of the several States in furthering fundamental substantive social policies.  *Christian Science Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (4th Cir.2001) (quoting *Burger King*, 471 U.S. at 477)).

## ARGUMENT/ANALYSIS

I. <u>Personal Jurisdictional Analysis.</u>

Defendant asserts that this court lacks personal jurisdiction over the company and that Plaintiff's complaint should be dismissed.  As a separate legal basis for dismissing Plaintiff's claims, Defendant argues that Plaintiff's state law claims of strict liability and negligent and/or reckless conduct are barred by the statute of limitations under South Carolina law. (ECF No. 4-1 at 2.)  Defendant submitted the Declaration of Anne T. Larin ("Declaration"), Secretary of named Defendant General Motors Company, in support of its Motion to Dismiss. (ECF No. 4-2.)  According to the Declaration, Defendant is a Delaware corporation with its principal place of business in Michigan and is a holding company that has no automotive business operations.  (ECF No. 4-2, ¶¶ 2-3.)   The Declaration further states that Defendant is not involved in the design, manufacture, sale or distribution of automobiles and had no role in the design, manufacture, sale, distribution, or servicing of the 2006 Chevrolet Cobalt that is the subject of this action.  (ECF No. 4-2, ¶¶ 3-4.)   The named Defendant does not engage in any business in South Carolina, does not own any property in South Carolina, does not have a designated agent for service of process in South Carolina, and does not place any products into a stream of commerce that enters

South Carolina. (ECF No. 4-2, ¶ 11.)

The Secretary also declares that automotive business operations in the United States are now conducted by General Motors LLC, a Delaware Limited Liability Company ("LLC") which is owned by General Motors Holdings LLC, an intermediate subsidiary of General Motors Company.  (ECF No. 4-2, ¶¶ 5-6.)  The Declaration affirms that General Motors LLC was known as General Motors Company for a short period of time between July 9, 2009 and October 16, 2009 (after the subject accident) and during that time acquired substantially all of the assets of Motors Liquidation Company (formerly known as General Motors Corporation).  (ECF No. 4-2, ¶ 7.)  The ultimate conversion to General Motors LLC was part of a bankruptcy reorganization finalized in late 2009, and which resulted in a new parent company called General Motors Company. (ECF No. 4-2, ¶ 8.) The named defendant, the current General Motors Company's only asset is 100% ownership interest in General Motors Holding LLC, which holds all of the assets and liabilities (except those related to United States automotive operations) transferred from General Motors LLC. (ECF No. 4-2, ¶ 8.)

Defendant maintains that the court lacks general personal jurisdiction over Defendant because the company does not have the continuous and systematic contacts with South Carolina necessary to make it "at home" in the state.  (ECF No. 4-1 at 5.) Defendant also reasons that it is not subject to specific jurisdiction in South Carolina because it did not purposely direct any actions toward the state of South Carolina and was not involved in the design, manufacture, sale, distribution, or servicing of the subject 2006 Chevrolet Cobalt.  (ECF No. 4-1 at 8.)  Without citing any relevant law or facts, in her opposition to the Motion to Dismiss, Plaintiff takes the position that General Motors

Corporation was registered to do business in South Carolina in 2006 when it allegedly manufactured and sold the Chevrolet Cobalt at issue in this case. (ECF No. 30 at 3.) Plaintiff argues that Defendant cannot use the reorganization arrangement between General Motors LLC and General Motors Company to dissolve all of the contacts that General Motors Corporation may have had with the state. (ECF No. 30 at 3-4.) Plaintiff further contends that General Motors LLC is the alter ego of General Motors Company. Thus, by serving General Motors Company, the parent, Plaintiff contends that she has also served General Motors LLC, the company that is registered to do business in South Carolina and is "the manufacturer, seller, and distributor and otherwise authorized distributor for General Motors cars made after 2009." (ECF No. 30 at 5.) For these reasons, Plaintiff believes she should be permitted to add General Motors LLC as a defendant. (ECF No. 5.)

In order to find that Defendant's contacts with the state are sufficient to establish specific jurisdiction, the court must determine that the "out-of-state defendant engage[d] in some activity purposely aimed toward the forum state and that the cause of action [arose] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F.Supp.2d 323, 331-32 (D.S.C. 1999). The defendant's actions must have been "directed at the forum state in more than a random, fortuitous, or attenuated way." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004)(internal citation omitted). Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See Carefirst of Md., Inc.*, 334 F.3d at 396. To determine whether a plaintiff has satisfied this burden, the court may consider both defendant's and plaintiff's pleadings, affidavits, and other supporting documents presented to the court and must construe "all relevant pleading

allegations in the light most favorable to the plaintiff, assume credibility, and draw the most

favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676

(4th Cir.1989). Based on the record before it, the court finds that Plaintiff has not satisfied

her burden.   Defendant here, General Motors Company,  has put forth the declaration of

Ms. Laurin which indicates that General Motors Company had no role in the design,

manufacture, sale, distribution, or servicing of the 2006 Chevrolet Cobalt at issue in this

case and that it does not engage in business operations in South Carolina, own property

in South Carolina, have a designated agent for service of process in South Carolina, and

does not place products into a stream of commerce that enter into South Carolina.  (ECF

No. 4-2.)  At the time of the accident in question, which was prior to the bankruptcy related

restructuring, it appears that the bankrupt General Motors Corporation, not sued in this

matter, was in fact the entity involved in the design, assembly, and sale of the 2006

Chevrolet Cobalt. (ECF No. 32 at 2.)  Plaintiff does not challenge the statements declared

by Defendant nor does she identify any activity or conduct of General Motors Company to

support the assertion of jurisdiction over that entity.  Plaintiff only conclusively states that

jurisdiction exists over Defendant without any support, but in determining whether plaintiff

has satisfied her burden, the court need not "credit conclusory allegations or draw

farfetched inferences." *Global Technology Intern., Ltd. v. Continental Automotive Systems,*

*Inc.*, No. 0:12–3041–CMC, 2013 WL 1809773, *2 (D.S.C. Apr. 29, 2013 (internal citation

omitted). Accordingly, specific jurisdiction over Defendant is lacking in this case.

Similarly, the court finds no basis for the assertion of general jurisdiction over

Defendant.  In order to exercise general jurisdiction over Defendant, the court must find that

its connection with South Carolina establishes a "continuous and systematic affiliation

-8-

necessary to empower [the state] courts to entertain claims unrelated to the foreign [sister-state] corporation's contacts with the State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. at 2846, 2851 (2011)*.* The affiliation with the state must be so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Id.* The Fourth Circuit has noted that "broad constructions of general jurisdiction should be generally disfavored." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200 (4th Cir. 1993). Here again, Plaintiff has not challenged the statements declared by Defendant nor does she identify any activity or conduct of General Motors Company to support the assertion of jurisdiction. Without a basis to exercise personal jurisdiction over Defendant, the claims pending against General Motors Company are subject to dismissal.

II.      Motion to Amend.

In her opposition (ECF No. 30) and formally in a separate motion to amend (ECF No. 29), Plaintiff seeks to amend her complaint to add General Motors LLC as a defendant in this action. Plaintiff attaches her proposed amended complaint which sets forth additional jurisdictional allegations related to Defendant General Motors Company and proposed defendant General Motors LLC. (ECF No. 29-1.) Defendant responds that amendment of the pleadings to add General Motors LLC as a defendant would be futile because that company is not legally responsible for any liabilities arising from the subject incident. (ECF No. 32 at 2.) Defendant has submitted significant additional materials in support of its motion to dismiss which appear particularly relevant to the question of whether an amendment to add General Motors LLC would be futile. Defendant also filed a memorandum in opposition to Plaintiff's Motion to Amend Complaint asserting the same futility argument based on the assumed liabilities of General Motors LLC. (ECF No. 33.)

Federal Rule of Civil Procedure 15(a) sets forth a permissive standard for amendment by providing that the court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (noting that the disposition to amend is within the sound discretion of the district court). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave to amend should only be denied when there is undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by previously-allowed amendments, undue prejudice, or where the amendment would be futile. *Id.; see also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir.2000); *Shealy v. Winston*, 929 F.2d 1009, 1014 (4th Cir.1991). At issue is Defendant's position that allowing Plaintiff to amend her complaint to add General Motors LLC would be futile because General Motors LLC did not assume responsibility for product liability claims arising from accidents involving GM vehicles that occurred prior to the July 10, 2009 closing date. (ECF No. 32 at 3.)

Courts generally favor the "resolution of cases on their merits." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980). "Thus, the substantive merits of a proposed claim are typically best left for later resolution, e.g., under motions to dismiss or for summary judgment under Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 56, respectively, or for resolution at trial." *Rambus, Inc. v. Infineon Technologies, AG*, 304 F.Supp.2d 812, 819 (E.D.Va.,2004); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d at 613 ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the

-10-

decision whether to allow amendment.") Still, a court may deny a motion to amend on the

ground of futility "when the proposed amendment is clearly insufficient or frivolous on its

face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 2009).  Here, the court

does not find that Plaintiff's proposed amendment is clearly frivolous on its face and

therefore will not deny Plaintiff leave to amend the complaint to add General Motors LLC

as a defendant on the basis of futility raised by Defendant on behalf of a putative

defendant.  General Motors LLC is able defend itself against any allegations directed

toward it related to the liabilities it may or may not have assumed as a part of the

bankruptcy proceedings and raise any appropriate and applicable defenses on its own.[1]

The court does note that Plaintiff is not seeking to simply amend a pleading to add

a new claim against an existing party, she is instead seeking to pursue claims against an

entirely different party.  The Fourth Circuit has indicated that the addition of parties to a

complaint may be broadly construed as a "change[ ]" in a "party or the naming of a party

against whom a claim is asserted" as described in Rule 15(c)(1)(C).  *See Goodman v.*

*Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007); *see also Krupski v. Costa Crociere S. p.*

*A.,* 130 S.Ct. 2485, 2493 n. 3(2010) (referring to a plaintiff's filing of an amended complaint

to bring in a new defendant as the "typical case" of Rule 15(c)(1)(C)'s applicability).

Without expressing any opinion as to the assertions made by Plaintiff in her Memorandum

in Opposition to Defendant's Motion to Dismiss and whether the requirements of Rule

---

[1]The court does acknowledge the differences between this case and one cited by
Plaintiff, *Betty Johnson v. General Motors Company*, 2:12-cv-01306-PMD (D.S.C.
2012), where General Motors LLC elected to accept service on behalf of General
Motors Company and consented to an amendment of the caption in that case to reflect
General Motors LLC as the correct party-defendant because General Motors LLC had in
fact sold the 2010 vehicle at issue in that case.  (ECF No. 30-1 at 9.)

15(c)(1)(C) have been satisfied, the court grants Plaintiff's Motion to Amend to add General

Motors LLC as a party defendant.  "Any unfairness caused by the amendment [can] only

be claimed by [General Motors LLC], the new party."  *See Goodman*, 494 F.3d at 469.

Because this court has granted General Motors Company's Motion to Dismiss for lack of

personal jurisdiction, there is no need to further address the protections provided in Rule

15(c) as it relates to that defendant.  As noted by Defendant, the entities are separate and

distinct entities.  (ECF No. 32 at 2.) The core requirements of Rule 15(c), however, do still

stand to "preserve for the new party the protections of a statute of limitations" by "assur[ing]

that the new party had adequate notice *within the limitations period* and was not prejudiced

by being added to the litigation." *Goodman,* 494 F.3d at 470 (emphasis in original).

Plaintiff's Motion to Amend is granted in the court's discretion.  The court will allow

Plaintiff to proceed on her amended complaint and she will be required to serve the new

defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.[2]

---

[2]Plaintiff asserts, without more, that by serving General Motors Company, she has also served General Motors LLC due to a parent/subsidiary relationship. (ECF No. 30 at 5.) The court rejects this argument's applicability here; service upon General Motors Company does not automatically satisfy any service of process obligations owed to General Motors LLC nor do General Motors LLC's potential contacts with this state automatically confer personal jurisdiction on General Motors Company. *See Harris v. Deere & Co.*, 223 F.2d 161, 163 (4th Cir. 1955)("[I]t cannot be said that a corporation is doing business within a state merely because a wholly owned and controlled subsidiary is selling its product there, if the separate corporate entities are observed..."); *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276-277 (4th Cir. 2005)("[I]t is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity."); *Goldrick v. D.M. Picton Co.*,56 F.R.D. 639, 642 (E.D.Va. 1971)("The doing business of a subsidiary corporation in a state does not without more confer jurisdiction over the non-resident parent corporation...[a]nd the converse of the above principle is true, the service of process on the parent company does not permit the Court to exercise personal jurisdiction over the wholly owned subsidiary, if they are two separate distinct entities and so operate."); *United States ex rel. Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330, 335 (W.D.N.Y. 1998) ("The law is well settled that

## CONCLUSION

For the above-stated reasons, Defendant General Motors Company's Motion to Dismiss (ECF No. 4) for lack of personal jurisdiction is **GRANTED**.  The claims against Defendant General Motors Company are **DISMISSED**.

The court further orders that Plaintiff's Motion to Amend Complaint (ECF No. 29) is **GRANTED** as to Plaintiff's request to add General Motors LLC as a defendant to this action, but declines to accept the proposed amended complaint as attached to the motion. Instead, Plaintiff may amend his complaint in a manner consistent with this order.  Such amended complaint must be filed within fourteen (14) days of this order.  The Clerk is directed to add General Motors LLC as a party to this action.  If Plaintiff fails to file the amended complaint within the time set forth in this order, this action may be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff shall undertake prompt and diligent effort to serve the new defendant along with a copy of this order and to file proof of service promptly as required.


IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

---

service of process on a wholly-owned subsidiary does not constitute service of process on a parent corporation where separate corporate identities are maintained."); *T.S. Ragsdale Co., Inc. v. General Drivers & Helpers Local No. 509,* No. 71-1017*,* 1972 WL 747, *6 (Jan. 6, 1972)("This corporate analogy is significant, for, in the corporate sphere, the mere relationship of parent and subsidiary would be insufficient to sustain service on the subsidiary in an action against the parent.")

July 31, 2013
Spartanburg, South Carolina